```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
```

MEADOWCREST PROFESSIONAL                              CIVIL ACTION
BUILDING PARTNERSHIP, LLC

VERSUS                                                NO: 14-2196

COMPANION PROPERTY AND                                SECTION:
CASUALTY INSURANCE COMPANY                            J(1)

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 6)** filed by Defendant, Companion Property & Casualty Insurance Company ("Defendant"), as well as an *Opposition* **(Rec. Doc. 7)** by Plaintiff, Meadowcrest Professional Building Partnership, LLC ("Plaintiff"). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **DENIED**.

### PROCEDURAL AND FACTUAL BACKGROUND

This matter arises out of the alleged breach of an insurance contract. Defendant issued an original commercial property policy to Plaintiff for the period of June 1, 2012 to June 1, 2013, which obligated Defendant to pay for all risk of direct physical loss to "covered property" located at the Meadowcrest Professional Partnership Building in Gretna, Louisiana. Plaintiff alleges that during this policy period, a sewer system installed within the

1

building collapsed, resulting in extensive damage to the sewer pipes and pipe hanger system throughout the building. Plaintiff then alleges that Defendant refused to compensate Plaintiff for this damage, in violation of the insurance contract. Plaintiff filed suit against Defendant in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana in August of 2014, and the matter was subsequently removed to this Court on September 23, 2014. Plaintiff specifically requests this Court to find Defendant liable for breach of the insurance contract as well as breach of the duties of good faith and fair dealing imposed by Louisiana law, and seeks damages and attorneys' fees associated with these alleged breaches.

Defendant filed the instant motion on October 8, 2014, seeking dismissal of Plaintiff's claims pursuant to Federal Rule 12(b)(6) on the basis that Plaintiff has failed to state a claim upon which relief can be granted.

## LEGAL STANDARD

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its

2

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S.at 678.

## DISCUSSION

In its complaint, Plaintiff alleges that Defendant breached its insurance contract by "arbitrarily and capriciously" refusing to pay or making a written offer to settle claims regarding damage to "covered property" which fell within the scope of the insurance contract. (Rec. Doc. 1-1, p. 7). Defendant maintains that this claim is insufficient to survive a 12(b)(6) motion because Plaintiff has not pleaded sufficient facts to state a plausible claim. Instead, Defendant alleges that in order for Plaintiff to state a valid claim for breach of the insurance contract, it is required to allege a breach of a specific policy provision. *See Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002); *See also Bergeron v. Pan Am. Assurance Co.*, 98-2421 (La. App. 4 Cir.

3


4/7/99); 731 So.2d 1037, 1045. Because Plaintiff has not pointed to any specific policy language which Defendant has allegedly breached or any provisions in the policy which would support Plaintiff's assertion that the contract covered its claim, Defendant argues that Plaintiff's claim is insufficiently specific and must be dismissed.

In support of its argument, Defendant relies heavily on the rulings in *Louque* and *Bergeron*. In *Louque*, the Fifth Circuit stated that in order to state a claim for breach of an insurance contract, a plaintiff must allege a breach of a specific policy provision. *Louque*, 314 F.3d at 782. However, as this Court has previously noted, because the Fifth Circuit's ruling on *Louque* was based entirely on other reasoning,[1] "any such statement regarding the pleading requirements for breach of contract claims most certainly is mere *dicta*." *Stokes v. Allstate Indem. Co.*, No. 06-1053, 2007 WL 1875847, at *2 (E.D. La. June 28, 2007) (Barbier, J.).  As such, the holding in *Louque* is narrowly limited to only the facts in that case, and does not impose a broad rule of specificity for pleading breach of insurance contract claims. *See SMG Foods, LLC v. Delek Capital*, No. 09-6734, 2010 WL 103873, at *2 (E.D. La. Jan. 7, 2010) (Barbier, J.). Additionally, this Court has noted that the

---

[1] In *Louque*, the Court was faced with the issue of whether the defendant insurance company was obligated pursuant to its insurance policy to settle a third party claim. The Court ultimately decided the issue upon a finding that no provision existed in the contract which would provide the plaintiffs with the relief requested. *Louque*, 314 F.3d at 782.

4

Louisiana Fourth Circuit's ruling in *Bergeron* addressed the need to refer to specific provisions when claiming breach of an insurance policy only in the context of the parol evidence rule.[2] *Stokes*, 2007 WL 1875847, at *2. As such, this ruling does not stand for Defendant's broad assertion that Plaintiff must allege a breach of a specific policy provision in order to state a claim for breach of an insurance contract. *Id.*

Instead, this Court has repeatedly held that "there does not appear to be any requirement in Louisiana law that would require plaintiffs to plead with particularity which specific provision of the contract was breached." *SMG Foods*, 2010 WL 103873, at *2 (citing *Stokes*, 2007 WL 1875847, at *3). Rather, plaintiffs "simply need to plead that there was a contract that was breached." *Stokes*, 2007 WL 1875847, at *3. Here, Plaintiff has done just that. Plaintiff specifically contends in its complaint that the insurance policy granted by Defendant covered the damage to its property, and that by failing to pay, Defendant breached its obligations pursuant to the contract. Despite not referencing specific coverage provisions in the contract, the Court finds that Plaintiff has presented a plausible claim, for which dismissal at this stage in the litigation is improper.

---

[2] *Bergeron* specifically concerned issues arising out of a written insurance contract which had undergone oral amendments. *Bergeron*, 731 So.2d at 1043-45. As such, the Court's finding that the plaintiff failed to state a valid claim for breach of insurance contract because he failed to point to any written provision which had been allegedly breached, applies only within the context of the parol evidence rule. *Stokes*, 2007 WL 1875847, at *2.

Moreover, despite seeking dismissal of all Plaintiff's claims, Defendant's motion only discusses the alleged flaws in Plaintiff's claim for breach of the insurance contract. It does not specifically contest Plaintiff's claims for bad faith pursuant to La. Rev. Stat. Ann. § 22:1892. As such, the Court finds that dismissal of Plaintiff's claim for bad faith is not warranted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Dismiss for Failure to State a Claim* **(Rec. Doc. 6)** is **DENIED**.

New Orleans, Louisiana this 29th day of October, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE